DENNIS N. BRADY, ESQ.  Bar No. 118461
SAN DIEGO EMPLOYMENT LAW GROUP
3517 Camino Del Rio South, Suite 400
San Diego, California  92108
Telephone:  (619) 528-2530
Email: sdlawgroups@outlook.com

Attorneys for Plaintiff, MONIQUE BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE BROWN, | ) Case No. |
| Plaintiff, | ) Complaint For: |
| vs. | ) **(1) RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e, ET SEQ; AND** |
| RICHARD V. SPENCER, SECRETARY, DEPARTMENT OF THE NAVY | ) **(2) CONTINUING REPRISAL FOR PRIOR EEO ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e, ET SEQ.** |
| Defendants. | ) **JURY TRIAL DEMANDED** |

   Plaintiff complains and alleges as follows:

**JURISDICTION AND VENUE**

   1.   This court has jurisdiction under 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

   2.   Venue is proper in this judicial district under 42 U.S.C. § 2000e-5 (f)(3) because the alleged unlawful employment practices occurred in this district.

## **PARTIES**

3. Plaintiff MONIQUE BROWN ("PLAINTIFF") is, and at all times relevant hereto has been, a resident of the State of California, County of Ventura.

4. Defendant RICHARD V. SPENCER, SECRETARY, DEPARTMENT OF THE NAVY is the current head of the Department of the Navy.

## **FACTS**

5. PLAINTIFF works for the Department of the Navy as a Human Resources Assistant at the Naval Air Weapons Division in Point Mugu, California.

6. PLAINTIFF is an African-American female.

7. PLAINTIFF's direct supervisor and second level supervisor are Caucasian.

8. PLAINTIFF engaged in prior EEO activity against the Department of the Navy in or around March, 2013.

9. PLAINTIFF's direct supervisor and second level supervisor were both aware of PLAINTIFF's prior EEO activity.

10. On or around July 5, 2016, PLAINTIFF's supervisor told her, "you will never become a specialist within this department," and "it would be in your best interest to seek employment outside of this command if you are seeking upward mobility," or similar words.

11. In or around early 2016, PLAINTIFF applied for a Human Resources Specialist Position, a promotion. PLAINTIFF was very well qualified for the position. However, PLAINTIFF was not selected for the position. PLAINTIFF's direct supervisor and second level supervisor were responsible for her non-selection.

12. PLAINTIFF was told by her supervisors that there was no

selection for the position because none of the applicants, including PLAINTIFF, fit the requirements of work for the position. However, assuming that the selection process was actually cancelled, it was because, knowing PLAINTIFF would have to be the choice based on her qualifications, PLAINTIFF's supervisors would be forced to choose her, or risk being subject to another EEO complaint. They did not want to choose her because of her race and prior EEO activity.

13. Thus, PLAINTIFF's race and prior EEO activity were substantial motivating factors in her non-selection for the Human Resources Specialist position.

14. On or around April 15, 2016, during a meeting with her supervisor and an HR Specialist, the HR Specialist stated that since PLAINTIFF had filed an EEO complaint, PLAINTIFF had made the working environment hostile.

15. Also evidencing the discrimination and retaliation against PLAINTIFF is that in January, 2016, she was denied a reversal of a performance rating; and on April 4 and 5, 2016, she was spoken to and treated in a belittling, demeaning, hostile, intimidating manner by the Branch Head/Supervisory Business Financial Manager (HR Specialist).

**FIRST CAUSE OF ACTION**
**(Race Discrimination in Violation of Title VII, 42 U.S.C. §2000e, et seq., against Defendant RICHARD V. SPENCER, SECRETARY, DEPARTMENT OF THE NAVY)**

16. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

17. PLAINTIFF was at all times material hereto an employee covered by Title VII.

18. The Department of the Navy was at all times a federal government department covered by Title VII employing PLAINTIFF, and as such barred from discriminating in employment decisions on the race. RICHARD V. SPENCER, SECRETARY, DEPARTMENT OF THE NAVY is the current head of the department.

19. Defendant through its officers, agents, and/or employees acting within the scope of their employment, discriminated against PLAINTIFF on the basis of her race in violation of Title VII by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above.

20. Defendant's discrimination against PLAINTIFF on the basis of her race in violation of Title VII was a substantial and motivating reason for unlawful treatment of her as alleged in this complaint including her non-selection for the Human Resources Specialist position.

21. PLAINTIFF has timely and properly exhausted all of her administrative remedies and may bring this complaint pursuant to 42 U.S.C. § 2000e-16(c).

22. As a proximate result of Defendant's discrimination against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

23. As a result of Defendant's discriminatory acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided by 42 U.S.C. §§ 2000e-16(d) and 2000e-5(k).

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**(Continuing Reprisal for Prior EEO activity in Violation of Title VII, 42 U.S.C. §2000e, et. seq., against Defendant RICHARD V. SPENCER, SECRETARY, DEPARTMENT OF THE NAVY)**

24. PLAINTIFF hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

25. PLAINTIFF was at all times material hereto an employee covered by Title VII.

26. The Department of the Navy was at all times a federal government department covered by Title VII employing PLAINTIFF, and as such barred from retaliating against employees for engaging in activity protected by Title VII, such as filing EEO complaints of unlawful discrimination as occurred in this matter. RICHARD V. SPENCER, SECRETARY, DEPARTMENT OF THE NAVY is the current head of the department.

27. Defendant through its officers, agents, and/or employees acting within the scope of their employment, retaliated against PLAINTIFF for engaging in protected EEO activity in violation of Title VII by engaging in a course of conduct which included, but is not limited to, at least some of the acts set forth above.

28. Defendant retaliated against PLAINTIFF for her protected EEO activity in violation of Title VII, and, such retaliation was a substantial and motivating reason for unlawful treatment of her as alleged in this complaint, including her non-selection for the Human Resources Specialist position.

29. PLAINTIFF has timely and properly exhausted her administrative remedies and may bring this complaint pursuant to 42 U.S.C. § 2000e-16(c).

COMPLAINT

30. As a proximate result of Defendant's retaliation against PLAINTIFF, PLAINTIFF has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

31. As a result of Defendant's discriminatory acts as alleged herein, PLAINTIFF is entitled to reasonable attorneys' fees and costs of said suit as provided by 42 U.S.C. §§ 2000e-16(d) and 2000e-5(k).

WHEREFORE, PLAINTIFF requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

PLAINTIFF requests relief as follows:

1. For financial damages according to proof including lost pay, and lost employee benefits;

2. For additional damages as allowed by law for losses resulting from humiliation, harm to reputation, mental anguish, and emotional distress;

3. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4. For a posting of discrimination and/or reprisal in PLAINTIFF's workplace and/or that the responsible officials be given remedial training and ordered to cease and desist from further acts of discrimination and retaliation;

5.   For placement of PLAINTIFF in a Human Resources Specialist Position or comparable position with full back pay, seniority, and benefits.

6.   For costs of suit including reasonable attorneys fees;

7.   For punitive damages and/or liquidated damages to the extent allowed by law; and

8.   For such other proper and further relief as the Court may deem proper.

SAN DIEGO EMPLOYMENT LAW GROUP

Dated: January 3, 2019      By:      /s/ Dennis N. Brady
                                     DENNIS N. BRADY, ESQ.
                                     Attorneys for Plaintiff
                                     gradyfedonly@msn.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

SAN DIEGO EMPLOYMENT LAW GROUP

Dated: January 3, 2019      By:      /s/ Dennis N. Brady
                                     DENNIS N. BRADY, ESQ.
                                     Attorneys for Plaintiff
                                     gradyfedonly@msn.com